# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **ANNETTE BRAY,** | Case No.: |
| Plaintiff, | |
| v. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| **NORTONLIFELOCK, INC.,** | (Unlawful Debt Collection Practices) |
| Defendant. | |

## COMPLAINT

ANNETTE BRAY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NORTONLIFELOCK, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. §1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Florida, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Panasoffkee, Florida.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant is corporation with its headquarters located at 60 E. Rio Salado, Suite 1000, Tempe, Arizona, 85281.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Debt collection is the principal purpose of Defendant's business.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff has a cellular telephone number.

12. Plaintiff has solely used this number as a cellular telephone number.

13. Beginning in September 2019, Defendant placed repeated harassing telephone calls to Plaintiff on her cellular telephone seeking to contact a third party, Jordan Smith.

14. Plaintiff has never gone by the name Jordan Smith and does not know anyone named Jordan Smith.

15. When placing these calls to Plaintiff, Defendant used an automatic telephone dialing system and/or pre-recorded voice or message.

16. Plaintiff knew that Defendant was using an automatic telephone dialing system and/or pre-recorded voice or message as Plainitff would hear an automated message play before a live representative came on the telephone line.

17. Defendant's calls were not made for "emergency purposes."

18. Plaintiff never consented to these calls.

19. Plaintiff has been on the Do Not Call Registry since February 16, 2019.

20. On September 30, 2019, Plaintiff spoke with Defendant's representative and informed him she was not Jordan Smith and to stop calling.

21. However, the calls persisted through January 2020.

22. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

23. Further, any continued calls could only have been placed for the purpose of harassing Plaintiff.

24. Plaintiff found Defendant's calls to be invasive, harassing, intrusive and upsetting.

25. Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

## COUNT I
### Defendant Violated the TCPA 47 U.S.C. § 227(b)

26. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

28. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatically generated or prerecorded voice.

29. Defendant's calls were not made for "emergency purposes."

30. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

31. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since February 16, 2019.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUN T II
**Defendant Violated the TCPA 47 U.S.C. § 227(C)**

35. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

36. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

37. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since February 16, 2019.

38. Defendant called Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

39. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

40. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

41. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, ANNETTE BRAY, respectfully prays for judgment as follows:

    a. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    b. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    d. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    e. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

    f. Any other relief this Honorable Court deems appropriate.

- 6 -

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANNETTE BRAY, demands a jury trial in this case.

Respectfully submitted,

Dated: 10/13/2020     By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com